## MARION EPPLEY v. BRYSON CITY.

### (Filed 20 December, 1911.)

**Cities and Towns—Condemnation—Special Acts—Requisites—General Laws—Interpretation of Statutes.**

> An incorporated town was authorized to erect, own, and operate an electric plant under chapter 217, Private Laws of 1911, conferring the power of condemnation "in the same manner as is now provided by law for the condemnation of lands for streets." The charter of the town contains no method of procedure for condemning lands for streets: *Held*, that to lawfully authorize a municipal corporation to exercise the right of eminent domain the power must be expressly conferred or arise by necessary implication and the procedure necessary to give it effect must be provided; but a valid exercise of this power may be done by the municipality under the general law, ch. 86, sec. 1, Public Laws of 1911, where all requisite powers are conferred.

APPEAL from order of *Webb, J.*, refusing to grant an injunction, heard at chambers, 27 November, 1911. From SWAIN.

Civil action pending in the Superior Court of Swain County instituted for the purpose of obtaining a perpetual injunction forbidding the maintaining of a dam on Deep Creek or river and asking its abatement as a nuisance.

His Honor denied the motion, and plaintiff appealed.

*F. C. Fisher for plaintiff.*
*Bryson & Black for defendant.*

BROWN, J. The defendant, a municipal corporation, is duly authorized by law to erect, own, and operate an electric light plant. Chapter 217, Private Laws 1911. An election was held and the voters approved the scheme. The bonds were issued and the work commenced and several thousand dollars expended, and especially in the purchase of land and a water-power on Deep River. The dam has been erected, and it turns out now that after a survey of the property adjacent to the site of the defendant's dam, about one and three-tenths acres of plaintiff's rocky hillside mountain land is flooded. The dam has been finished and the electric light plant well advanced towards completion.

It appears from the affidavits in the record that the only controversy between plaintiff and defendant is the value of the one and three-tenths of an acre of overflowed land. The plaintiff demands $400 damages, which sum defendant avers is extortionate and defendant offers to submit the question to arbitration.

It is contended by plaintiff that the defendant has no power of eminent domain and no right to condemn his land for municipal purposes.

Chapter 217, Private Laws of 1911, sec. 1, reads as follows: "That the board of commissioners of the town of Bryson City shall have power to lay out, build, and construct a system of sewerage and sewerage pipes for said town; to build and construct an electric light plant and repair the streets and sidewalks in said town, and to protect the same by adequate ordinances; and if in the construction, extension, or maintenance of said sewer system, electric light plant, or repair work, it shall become necessary to acquire land, right of way or easement, both within or without the corporate limits of said town, said board shall have the power to condemn the same in the same manner as is now provided by law for the condemnation of land for streets."

It is contended that there is no method of procedure provided in the acts incorporating Bryson City for condemning land for streets, and that therefore there is no procedure provided for condemning plaintiff's land.

This seems to be true, and in order that a municipal corporation shall lawfully exercise the right of eminent domain the power must be expressly conferred or arise by necessary implication, and the procedure necessary to give it effect must be provided. 15 Cyc., 568. But the defendant is not confined to the act in question as the only source of its power to appropriate plaintiff's land and to have his damage assessed by a legal tribunal.

Conceding that chapter 217, Private Laws 1911, is of no effect, so far as conferring, either in direct terms or by necessary implication, the rights of eminent domain upon the defendant, still it is not without that right. Chapter 86, sec. 1, Public Laws of 1911, amending section 2916, Revisal, grants to all towns, cities,

and municipal corporations the right to build, construct, maintain and operate a system of electric plants, etc. That act, in connection with the sections of the Revisal of 1905 which it amends, not only confers in express terms the right to condemn property for such public purposes, but provides all necessary legal machinery for appropriating the property and assessing the owner's damage.

Unless the plaintiff and defendant can come to some agreement as to the value of his overflowed land and the damages incident thereto, if any, the defendant can proceed under that act to have them assessed.

The judgment of the Superior Court is

Affirmed.